IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **FLOYD WILSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION FILE |
| VS. : | NO.  7:07-CV-182 (WLS) |
| : | |
| Jail Administrator **VIRGINIA WILLIAMS,** : | |
| **Dr. BOWN,** Drug Squad Commander : | |
| **KEVIN LEE,** Agent **DAVID MELTON,** and : | |
| Agent **LOUIS SCHOFILL,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATION**

This is a § 1983 action brought by a *pro se* plaintiff, who at the time of filing was detained in the Thomas County, Georgia Jail.  As will be shown below the only reasonable alternative available to this court to clear its docket of "stale" cases in which the plaintiff has lost interest, and the whereabouts of the plaintiff is unknown is to dismiss this action.

Plaintiff's complaint was received in the Office of the Clerk of Court on October 30, 2007 (Doc. 2).  On November 4, 2007, plaintiff's motion to proceed *in forma pauperis* was granted and service of the complaint ordered (Doc. 4).  This order advised plaintiff that, "[d]uring the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein."

The last activity undertaken by the plaintiff in this case occurred on January 14, 2008, when he filed a response in opposition to the defendants' answer (Doc. 14).  On April 9, 2008, certain defendants filed a motion for summary judgment (Doc. 20).  The required notice of filing

the motion for summary judgment was entered and mailed to plaintiff on April 10, 2008 (Doc. 27). Mail addressed to plaintiff was returned to the office of the Clerk of Court on April 11, and April 18, 2008 (Docs. 28 & 29).

Plaintiff has filed no response in opposition to defendants' motion for summary judgment. On October 7, 2008, the undersigned ordered the plaintiff to show cause why his complaint should not be dismissed for his failure to keep the court notified of his current address and for his failure to diligently prosecute his claims against these defendants (Doc. 31). This order was mailed to the plaintiff at his last known address, the Thomas County Jail. Not surprisingly, plaintiff's copy of the order was returned to the office of the Clerk of Court on October 16, 2008 (Doc. 32).

Plaintiff's complaint indicates that he was not convicted at the time of its filing. This causes one to speculate upon the possibility that he might have been acquitted or the charges dropped. At any rate, plaintiff is no longer detained at the Thomas County Jail, the court is not aware of his whereabouts, and as far as his case is concerned he has not been heard from in over ten months. In short it appears that he has lost interest in pursuing this matter.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsom, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action as set out above reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has taken no meaningful steps to prosecute his case since filing his response in opposition to answer with the court on or about January 14, 2008.  The plaintiff has had more than adequate time to pursue his claim against this defendant but he has failed to do so. Based on the above findings, the court finds that lesser sanctions will not suffice herein.  Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same.  Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 28th day of October 2008.

                                            */s/ Richard L. Hodge*
                                            RICHARD L. HODGE
                                            UNITED STATES MAGISTRATE JUDGE